UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-03623-HDV-RAOx | Date | July 3, 2025 |
| Title | *Curtis J. Jackson, III et al v. Ryan Kavanaugh et al* | | |

Present: The Honorable   Hernán D. Vera, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:   IN CHAMBERS—ORDER RE: PLAINTIFFS' REQUEST FOR PRELIMINARY INJUNCTION [22]**

Plaintiffs Curtis J. Jackson III and NYC Vibe, LLC move for an order enjoining Defendants Ryan Kavanaugh, Skill House Movie LLC, and GenTV LLC from releasing the *Skill House* film on July 11, 2025 ("Motion"). [Dkt. No. 22].

A preliminary injunction is "an extraordinary remedy that may be awarded only if the plaintiff clearly shows entitlement to such relief." *Am. Bev. Ass'n v. City and County of San Francisco*, 916 F.3d 749, 754 (9th Cir. 2019) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). In order to prevail on a motion for preliminary injunction, the movant must establish that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm absent the preliminary injunction, (3) the balance of equities tips in its favor, and (4) a preliminary injunction is in the public interest. *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). Preliminary injunctions are denied unless the movant can make a "clear showing of evidence" that supports each of the preliminary injunction factors. *J.L. Boyd v. Luna*, No. 2:24-cv-05716-SPG-AJR, 2024 WL 4799125, at *2 (C.D. Cal. 2024) (citing *Winter*, 555 U.S. at 22). Where parties "fundamentally disagree on the facts underlying the case, courts routinely deny requests for preliminary injunctions." *Id.* (citation and internal quotation marks omitted).[1]

---

[1] Defendants contend that the parties' dispute is subject to arbitration. Opposition to Motion 17–18 [Dkt. No. 26]. But courts may grant injunctive relief on arbitrable claims, if necessary to

   Plaintiffs have not shown that they are entitled to such extraordinary relief. Here, the parties disagree as to the critical fact in the case: whether Jackson signed the Binding Term Sheet and/or Certificate of Employment (collectively the "Agreement") on August 2, 2022. But even accepting Plaintiffs' contention that no final Agreement was ever executed, the evidence before the Court raises numerous (and substantive) disputes of fact and law concerning whether the parties' course of conduct evinces mutual agreement as to the Agreement's material terms. *See Merced Cnty Sheriff's Employee's Ass'n v. County of Merced*, 188 Cal. App. 3d 662, 670 (1987). For that reason, the Court cannot find a likelihood of success on the merits at this stage of the litigation.

   Plaintiffs' Motion is therefore denied. The Court will release a more fulsome order explaining its reasons.

**IT IS SO ORDERED.**

---

maintain the status quo. *Toyo Tire Holdings of Ams., Inc. v. Cont'l Tire N. Am. Inc.*, 609 F.3d 975, 981 (9th Cir. 2010).